UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * |
| **KATHRYN FRANKOLA** | * | **CIVIL ACTION** |
| | * | **NUMBER: 2:15-CV-05933** |
| **VERSUS** | | |
| | * | **SECTION: H(5)** |
| **LOUISIANA STATE UNIVERSITY** | | |
| **SCHOOL OF MEDICINE IN NEW** | * | **JUDGE JANE TRICHE MILAZZO** |
| **ORLEANS, and BOARD OF** | | |
| **SUPERVISORS OF LOUISIANA** | * | **MAGISTRATE JUDGE  MICHAEL** |
| **STATE UNIVERSITY and** | | |
| **AGRICULTURAL and** | * | **NORTH** |
| **MECHANICAL COLLEGE** | | |
| * * * * * * * * * * * * * * * | | * * * * * * * * * * * * * * * * * * * * |

## ANSWER

**NOW INTO COURT**, comes the Louisiana Attorney General, for the State of Louisiana, through its "Board of Supervisors of Louisiana State University and Agricultural and Mechanical College," who responds to plaintiff's complaint as follows:

I.

The allegations contained in paragraph 1 state legal conclusions and do not require a response from the defendant; to the extent a response is deemed required, denied for a lack of sufficient information to justify a belief therein.

II.

The allegation contained in paragraph 2 states legal conclusions and do not require a response from the defendant; to the extent a response is deemed required, denied for a lack of

sufficient information to justify a belief therein.

### III.

The allegations contained in paragraph 3 are denied for a lack of sufficient information to justify a belief therein.

### IV.

The allegations contained in paragraph 4 are denied for a lack of sufficient information to justify a belief therein.

### V.

The allegation contained in paragraph 5 is admitted.

### VI.

The allegation contained in paragraph 6 is denied as written.  The "LSU School of Medicine" is a brick and mortar building/physical plant, and fails to have any juridical or procedural capacity, and cannot be a viable defendant in a lawsuit.

### VII.

The allegation contained in paragraph 7 does not require a response from defendant; to the extent a response is necessary, is denied in that "The LSU School of Medicine" is not a viable party defendant.

### VIII.

The allegation contained in paragraph 8 is admitted.

### IX.

The allegation contained in paragraph 9 is admitted.

X.

The allegation contained in paragraph 10 is denied as written.

XI.

The allegation contained in paragraph 11 is admitted.

XII.

The allegation contained in paragraph 12 is admitted.

XIII.

The allegation contained in paragraph 13 is denied as written.  Based upon information and belief, plaintiff experienced some sort of personal event/issue,  before beginning classes.

XIV.

The allegation contained in paragraph 14 is denied as written; Dr. Delcarpio was informed of a personal event/issue involving plaintiff.  Defendant herein cannot admit plaintiff had a "bipolar episode," for a lack of sufficient information to justify a belief therein.  Dr. Delcarpio was informed that plaintiff was hospitalized.

XV.

The allegation contained in paragraph 15 is admitted.

XVI.

The allegation contained in paragraph 16 is admitted.

XVII.

The allegation contained in paragraph 17 is admitted.

XVIII.

The allegation contained in paragraph 18 is denied.

XIX.

The allegation contained in paragraph 19 is denied.

XX.

The allegation contained in paragraph 20 is denied as written.

XXI.

The allegation contained in paragraph 21 is denied as written.

XXII.

The allegation contained in paragraph 22 is admitted.

XXIII.

The allegation contained in paragraph 23 is denied for a lack of sufficient information to justify a belief therein.

XXIV.

The allegation contained in paragraph 24 is denied as written; Dr. Delcarpio was informed of a personal event/issue involving plaintiff.  Defendant herein cannot admit plaintiff had a "bipolar episode," for a lack of sufficient information to justify a belief therein.  Dr. Delcarpio was informed that plaintiff was hospitalized.

XXV.

The allegations contained in paragraph 25 are admitted; however, if the complaint is referencing a letter from Dr. Kimberly Lavigne, based upon information and belief, Dr. Lavigne

4

later rescinded her recommendation that plaintiff was "fit."

XXVI.

The allegation contained in paragraph 26 is admitted.

XXVII.

The allegation contained in paragraph 27 is admitted.

XXVIII.

The allegation contained in paragraph 28 is denied as written.

XXIX.

The allegation contained in paragraph 29 is denied.

XXX.

The allegation contained in paragraph 30 is denied.

XXXI.

The allegation contained in paragraph 31is admitted.

XXXII.

The allegation contained in paragraph 32 is admitted.

XXXIII.

The allegation contained in paragraph 33 is denied for a lack of sufficient information to justify a belief therein.  Defendant is aware that at some point in time plaintiff "became pregnant," but obviously has no idea when.

XXXIV.

The allegation contained in paragraph 34 is admitted.

XXXV.

The allegation contained in paragraph 35 is denied for a lack of sufficient information to justify a belief therein.  Defendant is aware that at some point in time plaintiff "became pregnant," but obviously has no idea what time period constituted her "second trimester."

XXXVI.

The allegation contained in paragraph 36 is denied as written; however, it is admitted that plaintiff did miss several days of medical school.

XXXVII.

The allegation contained in paragraph 37 is admitted.

XXXVIII.

The allegation contained in paragraph 38 is denied as written.  Dr. Delcarpio did recommend to plaintiff that she enroll in CAP.  Plaintiff's decision to do so was her voluntary decision and defendant is not privy to what considerations, other than Dr. Delcarpio's recommendation, may have motivated her to enroll.

XXXIX.

The allegation contained in paragraph 39 is admitted; however, the "LSU School of Medicine" is not a viable party defendant herein.

XL.

The allegation contained in paragraph 40 is denied as written.

XLI.

The allegation contained in paragraph 41 is denied.

XLII.

The allegation contained in paragraph 42 is denied.

XLIII.

The allegation contained in paragraph 43 is denied as written.

XLIV.

The allegation contained in paragraph 44 is denied.

XLV.

The allegation contained in paragraph 45 is denied as written, and for a lack of sufficient information to justify a belief therein.  Defendant does not know what plaintiff "believed."

XLVI.

The allegation contained in paragraph 46 is denied as written, and for a lack of sufficient information to justify a belief therein.  Defendant cannot comment on plaintiff's "impressions."

XLVII.

The allegation contained in paragraph 47 is admitted.

XLVIII.

The allegation contained in paragraph 48 is admitted.

XLIX.

The allegation contained in paragraph 49 is admitted.

L.

The allegations contained in paragraphs 50-54 are admitted.

LI.

The allegation contained in paragraph 55 is denied for a lack of sufficient information to justify a belief therein.  Defendant does not know when plaintiff requested the letter from her treating psychiatrist.

LII.

The allegation contained in paragraph 56 is admitted.

LIII.

The allegation contained in paragraph 57 is admitted.

LIV.

The allegation contained in paragraph 58 is denied as written.

LV.

The allegation contained in paragraph 59 is denied.

LVI.

The allegation contained in paragraph 60 is denied.

LVII.

The allegation contained in paragraph 61 is admitted.

LVIII.

The allegation contained in paragraph 62 is admitted.

LIX.

The allegation contained in paragraph 63 is denied.

LX.

The allegation contained in paragraph 64 is denied.

LXI.

The allegation contained in paragraph 65 is denied.

LXII.

The allegation contained in paragraph 66 is denied.

LXIII.

The allegation contained in paragraph 67 is denied.

LXIV.

The allegation contained in paragraph 68 is denied.

LXV.

The allegations contained in paragraphs 69 and 70 require no response from the defendant.

LXVI.

The allegation contained in paragraph 71 is denied as written.

LXVII.

The allegation contained in paragraph 72 is denied as written.  Dr. Delcarpio did recommend to plaintiff that she enroll in CAP.  Plaintiff's decision to do so was her voluntary decision and defendant is not privy to what considerations, other than Dr. Delcarpio's recommendation, may have motivated her to enroll.

LXVIII.

The allegation contained in paragraph 73 is denied.

LXIX.

The allegation contained in paragraph 74 is denied.

LXX.

The allegation contained in paragraph 75 is denied.

LXXI.

The allegation contained in paragraph 76 is denied.

LXXII.

The allegation contained in paragraph 77 is denied.

LXXIII.

The allegation contained in paragraph 78 is denied.

LXXIV.

The allegation contained in paragraph 79 requires no response from defendant.

LXXV.

The allegations contained in paragraph 80 are denied in whole, and categorically (i.-iii.).

LXXVI.

The allegations contained in paragraph 81 state legal conclusions and do not require a response from defendant.  The cited law/statutes in their entirety are the best evidence of what they state.

LXXVII.

The allegations contained in paragraph 82 are denied in whole, and categorically (i.-v.).

LXXVIII.

The allegation contained in paragraph 83 states a legal conclusion and does not require a response from defendant.

LXXIX.

The allegations contained in paragraph 84 are denied.

LXXX.

The allegation contained in paragraph 85 requires no response from defendant.

LXXXI.

The allegation contained in paragraph 86 has missing words and does not present a coherent statement/allegation to which defendant can intelligently respond.  Further, no response is required in that it attempts to state a legal conclusion.

LXXXII.

The  allegations contained in paragraph 87 state legal conclusions and do not require a response from defendant.  The cited law/statutes in their entirety are the best evidence of what they state.

LXXXIII.

The allegation contained in paragraph 88 is denied.

LXXXIV.

The allegation contained in paragraph 89 is denied as written.

LXXXV.

The allegation contained in paragraph 90 is denied as written.

LXXXVI.

The allegation contained in paragraph 91 is denied.

LXXXVII.

The allegations contained in paragraph 92 are denied in whole, and categorically (i.-v.)

LXXXVIII.

The allegation contained in paragraph 93 is denied.

LXXXIX.

The allegation contained in paragraph 94 is denied.

XC.

The allegation contained in paragraph 95 is denied.

XCI.

The allegation contained in paragraph 96 is denied.

XCII.

The allegation contained in paragraph 97 requires no response.

XCIII.

The allegation contained in paragraph 98 is denied.

XCIV.

The allegations contained in paragraph 99 state legal conclusions and do not require a

response from defendant.  The cited law/statutes in their entirety are the best evidence of what

they state.

## XCV.

The allegation contained in paragraph 100 is denied as written.

## XCVI.

The allegation contained in paragraph 101 is denied for a lack of sufficient information to justify a belief therein. Presumably the plaintiff decided to take medical leave based upon the stated considerations, as well as perhaps other considerations the defendant is not aware of.

## XCVII.

The allegation contained in paragraph 102 is denied as written. The plaintiff did seek re-admission and went through the required process to do so. The committee tasked with considering her request did decide to not allow her to be re-admitted. Plaintiff appealed this decision and her appeal was denied.

## XCVIII.

The allegation contained in paragraph 103 is denied.

## XCIX.

The allegation contained in paragraph 104 does not require a response.

## C.

The allegations contained in paragraph 105, in whole and categorically (a.-g.) are denied.

## CI.

The allegation contained in paragraph 106 does not require a response.

CII.

The allegation contained in paragraph 107 is denied.

CIII.

The allegation contained in paragraph 108 is denied.

CIV.

The allegation contained in paragraph 109 is denied.

CV.

The allegation contained in paragraph 110 is denied in whole and categorically (a.-d.)

CVI.

The allegation contained in paragraph 111 is denied.

CVII.

The allegation contained in paragraph 112 is denied.

CVIII.

The allegation contained in paragraph 113 does not require a response.

CIX.

The allegation contained in paragraph 114 is denied.

CX.

The allegation contained in paragraph 115 is denied.

CXI.

The allegation contained in paragraph 116 is denied in whole and categorically (h.-k.).

CXII.

Any other allegations contained in plaintiff's complaint are denied for a lack of sufficient information to justify a belief therein.

CXIII.

A trial by jury is specifically requested should this matter proceed to a trial on the merits.

**AND NOW, FURTHER ANSWERING** plaintiff's complaint, the following defenses are asserted:

A.

Plaintiff sues a defendant ("Louisiana State University School of Medicine in New Orleans") which has neither juridical nor procedural capacity.

B.

Plaintiff failed to adequately state a cause of action for which relief may be granted.

C.

Plaintiff has no right of action.

D.

All or part of plaintiff's claims are prescribed or otherwise barred by time limitations.

E.

Plaintiff failed to timely initiate this suit and/or exhaust administrative remedies.

F.

All or part of plaintiff's claims are barred by immunity doctrines.  These doctrines

include, but are not limited to, sovereign immunity, and qualified immunity.

### G.

The affirmative defense of plaintiff's comparative fault and/or the fault of third parties is asserted.

### H.

Plaintiff cannot make a *prima facie* showing nor bear her ultimate burden of proving her causes of action thereby barring, eliminating, or reducing the categories and amounts of relief sought by plaintiff.

### I.

Plaintiff has failed to mitigate any alleged damages.  Accordingly, any judgment in this matter should include a set-off and/or credit for any sums which could have been gained by plaintiff in accordance with her duty to mitigate her damages.

### J.

The defenses provided by Louisiana Revised Statute 9:2798.1 are asserted ; such statute is incorporated and made part of this answer by reference.

### K.

The defense of the limit on damages provided in La. R.S. 13:5106, and the limit on legal interest provided in La. R.S. 13:5112 are asserted, and both statutes are incorporated and made part of this answer by reference.

### L.

Alternatively, to the extent plaintiff has sustained damages, any such damages were

16

incurred by the acts, omissions, or fault of plaintiff or others.

M.

Defendant asserts all defenses, doctrines, inuring to the benefit of State of Louisiana entities in civil litigation, to include but not limited to due deference accorded to discretionary decisions rendered by boards, committees, etc. , due deference accorded to State policies and procedures, due deference accorded to decisions made by learned academicians, etc., and/or "academic discretion."

**WHEREFORE,** the Louisiana Attorney General, for the State of Louisiana through its "Board of Supervisors of Louisiana State University and Agricultural and Mechanical College," prays that this answer be deemed good and sufficient, and that after due proceedings are had, plaintiff's demands are dismissed with prejudice at her cost. Further, the Louisiana Attorney General, for the State of Louisiana, through its "Board of Supervisors of Louisiana State University and Agricultural and Mechanical College," prays for full and final judgment in his favor awarding him attorney's fees and all other relief as this honorable court may deem just and appropriate.

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL**

**BY**     \_\_\_/s/ Jeffrey A. Renshaw_____
**JEFFREY A. RENSHAW, (La. Bar No. 17113)
Assistant Attorney General**
Louisiana Department of Justice, Litigation Div.
400 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

Telephone No.:  (504) 599-1200
Facsimile No.:  (504) 599-1212
E-Mail: RenshawJ@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

Done in New Orleans, Louisiana on this the 29th day of December, 2015.

_____/s/ Jeffrey A. Renshaw_____

18