UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHRYN FRANKOLA | * | CIVIL ACTION |
| | * | |
| VS. | * | NO. 15-05933 "H"(5) |
| | * | |
| LOUISIANA STATE | * | JUDGE MILAZZO |
| UNIVERSITY SCHOOL OF | * | |
| MEDICINE IN NEW ORLEANS, | * | MAG. JUDGE NORTH |
| ET AL | * | |

**************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT LOUISIANA STATE UNIVERSITY SCHOOL OF MEDICINE IN NEW ORLEANS**

**MAY IT PLEASE THE COURT:**

The moving party, defendant Louisiana State University School of Medicine in New Orleans (LSU), urges this Honorable Court to dismiss plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff's complaint fails to state a claim upon which relief can be granted in that defendant Louisiana State University School of Medicine in New Orleans lacks the capacity to sue or be sued.

**I.    STANDARD OF REVIEW:**

Rule 8 of the Federal Rules of Civil Procedure requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(A)(2). To satisfy Rule 8, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and

1

> conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly* 550 U.S. 544) (additional internal citations omitted).

## II. <u>STATEMENT OF THE CASE:</u>

The plaintiff stated in her complaint that she is a former student of the LSU School of Medicine in New Orleans. She further states that after taking a leave of absence she was not allowed back into the school, and she was dismissed. The plaintiff filed this action asserting that the defendants violated her constitutional rights when the school declined to readmit her into the school for discriminatory reasons.

The plaintiff filed suit against the State of Louisiana, through the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College (Board), and the Louisiana State University School of Medicine in New Orleans (LSU). The Board has already filed an answer to the plaintiff's complaint. (Rec. doc. 17). This motion is brought for the sole purpose of dismissing all claims against LSU because it lacks the capacity to sue or be sued.

## III. <u>LOUISIANA STATE UNIVERSITY SCHOOL OF MEDICINE IN NEW ORLEANS LACKS THE CAPACITY TO SUE OR BE SUED.</u>

The sole issue before the Court in this motion is that defendant LSU lacks the capacity to sue or be sued. Rule 17(b) of the Federal Rules of Civil Procedure governs whether a party has the capacity to sue or be sued in federal court.

Federal Rule of Civil Procedure 17(b) states:

"Capacity to sue or be sued is determined as follows:
(1) for an individual who is not acting in a representative capacity, by the law of the

2

individual's domicile;

(2) for a corporation, by the law under which it was organized; and

(3) for all other parties, by the law of the state where the court is located, except that:

    (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and

    (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court."

Therefore, in the case at bar, Louisiana law governs whether defendant LSU has the capacity to sue or be sued.

The provision of Louisiana law establishing the Louisiana State University system, which includes the LSU Medical School in New Orleans, is La R.S. 17:3215 .

La. R.S. 17:3215 states in pertinent part:

"The Louisiana State University system is composed of the institutions under the supervision and management of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College as follows:

\*   \*   \*

(6) Louisiana State University Health Sciences Center at New Orleans, which shall include medical and related health schools and programs located in New Orleans including those state's medical centers transferred to the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College as provided in Subpart C-2 of Part II of Chapter 4 of this Title, subject to provisions of R.S. 17:1519 et seq."

The legislature for the State of Louisiana did not expressly empower any of the entities or institutions of the Louisiana State University system the right to sue or be sued under La. R.S. 17:3215, or any other state law. La. R.S. 17:3215 designates the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College as the supervising and managing authority over the institutions in the LSU system. The LSU system is composed of groups of buildings or institutions owned by the State and under the jurisdiction of the Board of

Supervisors.

The legislature created the Board of Supervisors as a body corporate under La. R.S. 1453. La. R.S. 17:1453 states in pertinent part:

> "A.  The board of supervisors of Louisiana State University and Agricultural and Mechanical College is created as a body corporate in accordance with the provisions of Article VIII, Section 7 of the Constitution of 1974.  The board shall be composed of fifteen members appointed by the governor with the consent on the Senate.  Two members shall be appointed from each congressional district and the remaining member or members shall be appointed from the state at large.  Each member shall serve a term of six years, which shall expire on June 1 of the sixth year of the term to which he is appointed or until his successor is appointed and takes office."

Additionally, the legislature enacted La. R.S. 3351 to specifically express the powers and duties of the management Board.  La. R.S. 17:3351, states in pertinent part:

> "A.  Subject only to the powers of the Board of Regents specifically enumerated in Article VIII, Section 5 of the Constitution of Louisiana, and as otherwise provided by law, each postsecondary system management board as a body corporate shall have authority to exercise power necessary to supervise and manage the day-to-day operations of institutions of postsecondary education under its control, including but not limited to the following:
>   (1)  Sue and be sued, including the right to recover all debts owing to the board or any university or college under its management, and to retain legal counsel therefor."

All daily operations, management of the LSU institutions, including the right to sue and be sued, are under the Board's authority.  These rights and powers are granted solely to the Board, not the individual buildings or institutions.  Therefore, the plaintiff's claims against defendant LSU Medical School in New Orleans must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## IV. <u>CONCLUSION</u>

Considering the foregoing, the LSU School of Medicine prays that the instant motion be granted and that the claims against it be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because LSU lacks the capacity to sue or be sued.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

**BY**   *s/Michael C. Keller*
**MICHAEL C. KELLER (#20895)**
**Assistant Attorney General**
Louisiana Department of Justice
Litigation Division
400 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone No.:  (504) 599-1200
Facsimile No.:  (504) 599-1212
E-Mail:  kellerm@ag.louisiana.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>February 24, 2016</u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to <u>*all*</u> <u>*counsel of record*</u>.

*s/Michael C. Keller*
**MICHAEL C. KELLER**

5