UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| KATHRYN FRANKOLA | * | CIVIL ACTION |
|  | * | NUMBER:  2:15-CV-05933 |
| VERSUS | * | SECTION:  H(5) |
| LOUISIANA STATE UNIVERSITY SCHOOL OF MEDICINE IN NEW ORLEANS, and BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY and AGRICULTURAL and MECHANICAL COLLEGE | * | JUDGE JANE TRICHE MILAZZO |
|  | * | MAG. JUDGE  MICHAEL NORTH |
|  | * |  |
|  | * |  |

**********************************

## REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition to defendant's motion for summary judgment fails to provide any admissible evidence that shows defendant's legitimate reasons for its actions are mere pretext or discriminatory intent by defendant.  Consequently, plaintiff's suit should be summarily dismissed for failure to support her claims with admissible evidence of discrimination.

By her opposition, it is clear that plaintiff continues to suffer under the mistaken belief that everyone but herself is to blame for her failures at LSU, and that she was expelled as opposed to being denied readmission after she elected to take medical leave.  Plaintiff's argument is that her poor academic record occurred because of defendant's denial of accommodations to her.  However, plaintiff never made allegations of discrimination or a failure

1

to provide accommodations until 2015. She did not make any such allegations of discrimination or a failure to accommodate after she was dismissed from LSU for failing Physiology in 2011. Nor did plaintiff make any allegations of discrimination or a failure to provide accommodation after she was placed upon academic probation and required to repeat the entire second year of medical school for failing Pathology twice in 2013. Rather, plaintiff said she would prioritize her time better and study harder.

Now, and only after she was on academic probation, elected to take medical leave right before exams, and was later denied readmission does plaintiff allege discrimination and failures to accommodate for the first time. Plaintiff conveniently argues that defendant's failures to give me what I wanted in the past, and now, are illegal failures to provide requested accommodations; and these failures were the cause of my bad grades and prevent prescription. This argument is *ex post facto* logic and completely ignores plaintiff's failure to raise a lack to accommodations issue before the ultimate event of plaintiff's denial to progress at LSU School of Medicine. The Readmission Committee unanimously reached an expert academic consensus that plaintiff lacked the appropriate academic and professional capacity to become a successful physician. In other words, the Committee's unanimous decision was that Mrs. Frankola was not qualified for retention in the medical school program because of her poor academic performance.

Plaintiff has simply failed to provide any evidence to sufficiently refute that the committee's decision was based on anything other than poor prior academic performance.

2

"…[A] self-serving affidavit, without more evidence, will not defeat summary judgment."[1]  "To establish a fact question as to relative qualifications, a plaintiff must provide sufficiently specific reasons for his opinion; mere subjective speculation will not suffice."[2]  Plaintiff's submitted evidence is nothing more that her subjective believe and argument that discrimination occurred because she was denied re-admittance.  However, she has failed to submit any evidence to establish that defendant's reasons for its action is pretext.  Thus, she has failed to establish a material factual dispute on the necessary elements of her claims; (1) she was otherwise qualified to participate in the defendant's program and (2) she was excluded from the program solely by reason of her disability or sex.  Consequently, defendant's motion for summary judgment should be granted.

WHEREFORE, defendant, the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, prays that this honorable court grants this motion for summary judgment and dismisses plaintiff's suit with prejudice and at her cost.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY:    s/Michael C. Keller
       MICHAEL C. KELLER (#20895)
       ASSISTANT ATTORNEY GENERAL
       LOUISIANA DEPARTMENT OF JUSTICE

---

[1] Sanchez v. Dallas/Ft. Worth Internal. Airport Bd., 438 Fed.Appx. 343, 346-47 (5th Cir. 2011) citing DIRECTV, Inc. v. Budden, 420 F.3d 521, 531 & n. 49 (5th Cir. 2005).
[2] Nichols v. Loral Vought System Corp., 81 F.3d 38, 42 (5th Cir. 1996).

3

LITIGATION DIVISION
400 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone:     (504) 599-1200
Facsimile:     (504) 599-1212
Email: kellerm@ag.louisiana.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 22nd, 2016, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system.

*s/Michael C. Keller*
**MICHAEL C. KELLER**

\\Litno1\DATA\SECTION\CIVRIGHT\Keller\Frankola, Kathryn\Pleadings\Reply To Opp To MSJ.Doc