UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHRYN FRANKOLA | CIVIL ACTION |
| VERSUS | NO: 15-5933 |
| LOUISIANA STATE UNIVERSITY SCHOOL OF MEDICINE | SECTION: "H"(5) |

ORDER AND REASONS

Before the Court is Defendant Board of Supervisors for Louisiana State University and Agricultural and Mechanical College's Motion for Summary Judgment (Doc. 29). For the following reasons, the motion is GRANTED IN PART.

BACKGROUND

Plaintiff Kathryn Frankola alleges that she was not readmitted to the Louisiana State University School of Medicine in New Orleans ("LSU School of Medicine") after she took medical leave in violation of Section 504 of the Rehabilitation Act ("Rehabilitation Act"), Title II of the Americans with Disabilities Act (ADA), Title IX of the Educational Amendments of 1972 ("Title IX"), and state law.

Plaintiff began attending LSU School of Medicine in the fall of 2010. At the outset, the administration was made aware of Plaintiff's bipolar disorder. Plaintiff alleges that despite her condition and a manic episode that occurred in the fall of 2010, she was treated as a regular student and not given any

1

additional accommodations. She alleges that her requests for accommodations were denied in several separate instances from 2010 to 2014.

In the spring of 2011, Plaintiff failed her Physiology course and was dismissed from the school. Plaintiff then retook and passed the course at the University of Vermont and was readmitted to the LSU School of Medicine for her second year in the fall of 2012. In her first semester back, Plaintiff failed another course, Pathology. She was allowed to retake Pathology in the summer of 2013 but again failed the course. She alleges that her failure was the result of the denial of certain test taking accommodations. In light of her failure to complete the curriculum, however, Plaintiff was placed on academic probation and required to repeat her entire second year. As a condition of academic probation, Plaintiff would be dismissed if she failed another course.

In the fall of 2013, Plaintiff became pregnant. Plaintiff discussed her options with Dean of Students Joseph Delcarpio, and it was decided that she take a medical leave of absence in light of her pregnancy and bipolar disorder. Plaintiff alleges that Delcarpio informed her that all that was required to resume classes was a "Fit for Duty" letter.

In November 2014, Plaintiff submitted her "Fit for Duty" letter to return to school. She alleges that she was required to go through the readmission process and that readmission was denied. Plaintiff alleges that she was not informed that there were any risks associated with taking medical leave or that she would be required to be readmitted. Plaintiff appealed the University's decision, and the appeal was denied in January 2015. This suit followed. Plaintiff alleges that she was not allowed readmission because of her pregnancy and bipolar disorder.

Defendant Board of Supervisors for Louisiana State University and Agricultural and Mechanical College has filed the instant Motion for Summary

Judgment alleging that Plaintiff's claims should be dismissed because they are either prescribed or unsubstantiated. This Court will consider each argument in turn.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

### A. Prescription

Defendant first alleges that many of Plaintiff's claims are prescribed. Defendant points out that the prescriptive period for all of Plaintiff's claims is one year.[9] Therefore, claims relating to any incident that occurred outside of one year of suit are prescribed. Plaintiff makes several claims regarding Defendant's failure to provide accommodations for her disability, which occurred outside of the prescriptive period. Plaintiff argues that prescription does not apply to eliminate these claims, however, because her claims did not accrue until she had exhausted the appeals process. She alleges that the denial of all of her prior requests for accommodation make up a pattern of continuing discriminatory acts, which culminated in her dismissal.

The continuing violation theory typically applies to hostile work environment claims under Title VII.[10] "Unlike in a case alleging discrete violations, a hostile environment plaintiff is not limited to filing suit on events

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] The prescriptive period for Plaintiff's ADA, Rehabilitation Act, and Title IX claims is one-year as dictated by state tort law. *Boyle v. Greenstein*, No. 11-3192, 2012 WL 1932947, at *3 (E.D. La. May 29, 2012); *Minnis v. Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll.*, 55 F. Supp. 3d 864, 874 (M.D. La. 2014). The prescriptive period for Plaintiff's state law claims is also one year. La. Civ. Code art. 3492.
[10] *Johnson v. Fluor Corp.*, 181 F. Supp. 3d 325 (M.D. La. 2016).

4

that fall within this statutory time period because her claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice."[11] "A continuing violation involves repeated conduct, and cannot be said to occur on any particular day. It instead occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own."[12]

Unlike a hostile work environment claim, Plaintiff has alleged discrete instances in which she alleges she was denied a reasonable accommodation for her disability.  She alleges that in 2011 her request to be relieved of the obligation to participate in a philanthropic event put on by the LSU School of Medicine was denied.  She alleges that she thereafter requested to skip a required social event and that request was also denied.  In summer of 2013, Plaintiff requested test-taking accommodations because she was suffering a bi-polar manic episode, but that request was likewise denied. Each of these instances would alone support a claim for failure to provide reasonable accommodations.[13] "The continuing violation doctrine does not apply when 'the relevant discriminatory actions alleged in the complaint [are] the sort[s] of discrete and salient event[s] that should put an employee on notice that a cause of action has accrued.'"[14]  Accordingly, the continuing violation doctrine does not apply to save Plaintiff's reasonable accommodation claims from dismissal. Plaintiff's claims that arose outside of the one year limitation—or before

---

[11] *Id.* (internal quotations omitted).

[12] *Jurach v. Safety Vision, LLC*, 72 F. Supp. 3d 698, 707 (S.D. Tex. 2014), aff'd, 642 F. App'x 313 (5th Cir. 2016) (internal quotations omitted) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).

[13] The Court does not however make any finding as to whether these claims for denial of reasonable accommodation would have been successful if they were not time-barred.

[14] *Id.* (quoting *Windhauser v. Bd. of Supervisors for Louisiana State Univ. & Agr. & Mech. Coll.*, 360 Fed.Appx. 562, 566 (5th Cir. 2010)). *See Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th Cir. 2005).

November 13, 2014—are time barred. This includes the aforementioned claims for reasonable accommodation. Only Plaintiff's claims arising out of the denial of readmission remain.

### B. Failure to State a Claim

Next, Defendant argues that Plaintiff fails to state a claim under the ADA, Rehabilitation Act, Title IX, or state law. It argues that Plaintiff cannot establish that its actions were discriminatory or refute its legitimate reason for its actions. Defendant contends that Plaintiff was required to be readmitted after her medical leave because she was on academic probation at the time that she took leave. Defendant states that its decision to deny readmission was based solely on academic concerns.

### 1. The Rehabilitation Act and the ADA

The Rehabilitation Act and the ADA both prohibit discrimination against individuals with disabilities. "The Rehabilitation Act and the ADA are judged under the same legal standards, and the same remedies are available under both Acts."[15] "To establish a claim under either statute in the context of a student excluded from an educational program, a plaintiff must prove that: (1) [s]he has a disability; (2) [s]he is otherwise qualified to participate in the defendant's program; and (3) [s]he was excluded from the program on the basis of [her] disability."[16] "A plaintiff asserting a private cause of action for violations of the ADA or the RA may only recover compensatory damages upon a showing of intentional discrimination."[17]

Defendant alleges that Plaintiff cannot prove either that she was qualified to continue her studies or that she was denied readmission based on

---

[15] *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).
[16] *Maples v. Univ. of Texas Med. Branch at Galveston*, 901 F. Supp. 2d 874, 879–80 (S.D. Tex. 2012), aff'd, 524 F. App'x 93 (5th Cir. 2013).
[17] *Delano-Pyle v. Victoria Cty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002).

6

her disability. Plaintiff points out that she was clearly qualified to participate as a student at LSU prior to her medical leave and argues that she was denied readmission because she was a pregnant student with bipolar disorder. Plaintiff contends that "[h]ad she not taken medical leave, she would have never been expelled from LSU."[18]

"[C]laims of disability discrimination may be established through direct or circumstantial evidence."[19] This Court finds that Plaintiff has submitted sufficient circumstantial evidence to create an issue of material fact regarding her denial of readmission to the LSU School of Medicine. As Plaintiff points out, she was allowed to repeat her second year on academic probation prior to taking medical leave. Then, upon her return from medical leave she was denied readmission. Defendants do not point to any other change in Plaintiff's circumstances between these decisions. Circumstantially at least, these facts would seem to indicate that Plaintiff's medical leave or disabilities may have had at least some bearing on Defendant's decision to deny readmission. Defendant's non-discriminatory explanation—academic reasons—could therefore be found to be pretextual. This circumstantial evidence is enough to defeat summary judgment. Whether or not she was qualified and whether or not she was denied readmission because of her disability are issues of fact best left to a jury.

### 2. Title IX

Title IX provides that, "No person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program."[20] Plaintiff alleges that she was denied readmission on the basis of her pregnancy. "To state a claim under

---

[18] Doc. 30, p.10.
[19] *Maples*, 901 F. Supp. 2d at 880.
[20] 20 U.S.C. § 1681.

Title IX requires plaintiff to allege that defendant (1) received federal financial assistance, and (2) excluded [her] from participation in defendant educational programs because of [her] sex."[21]  Title IX has been construed to include discrimination on the basis of pregnancy.[22]  As discussed above, Plaintiff has provided sufficient circumstantial evidence to defeat summary judgment on the issue of Defendant's reason for denying her readmission to the LSU School of Medicine.

### 3. State Law Claims

In her Complaint, Plaintiff brings claims of negligence and intentional infliction of emotional distress under Louisiana law.  Defendant has moved for summary judgment on these claims. Plaintiff has provided no argument or evidence in support of these claims.  Plaintiff's Complaint is devoid of any allegation of a duty that Defendant has breached.  In addition, her allegations against Defendant do not rise to the outrageous and extreme level required to succeed on a claim for intentional infliction of emotional distress. Accordingly, Plaintiff cannot succeed on her state law claims, and they are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED IN PART. Plaintiff's claims that arose prior to November 13, 2014 are DISMISSED WITH PREJUDICE as prescribed.  Plaintiff's state law claims of negligence and intentional infliction of emotional distress are DISMISSED WITH PREJUDICE as well.  Plaintiff's claim of discrimination under the ADA, Rehabilitation Act, and Title IX regarding the denial of readmission remains.

---

[21] *Easley v. Univ. of Texas at Arlington*, 984 F. Supp. 2d 631, 635 (N.D. Tex. 2013).
[22] *See Conley v. Nw. Florida State Coll.*, 145 F. Supp. 3d 1073, 1079 (N.D. Fla. 2015); *Varlesi v. Wayne State Univ.*, 909 F. Supp. 2d 827, 854 (E.D. Mich. 2012).

New Orleans, Louisiana this 26th day of January, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**